UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUY TRONG TRAN, | Case No.: 1:24-cv-00074-SKO (HC) |
| Petitioner, | ORDER TO ASSIGN DISTRICT JUDGE TO CASE |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS PETITION |
| TAMMY CAMPBELL, Warden, | [21-DAY OBJECTION DEADLINE] |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") serving a sentence of 27 years-to-life for his convictions in Orange County for attempted murder, assault with a firearm, and domestic violence.  In this petition, Petitioner challenges a state court determination that he is not entitled to resentencing pursuant to California Penal Code § 1170.  He also challenges two disciplinary proceedings.  Upon review of the petition, it is clear that Petitioner is not entitled to habeas relief.  Therefore, the Court recommends that the petition be **SUMMARILY DISMISSED**.

**DISCUSSION**

A.   <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001).

B.   <u>Ground One - Failure to State a Cognizable Federal Claim</u>

The petition fails to state a cognizable habeas claim. Petitioner claims the state court erred by denying his petition for resentencing and by failing to apply state law retroactively.  Petitioners seeking federal habeas relief must allege that they are in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions.

Here, Petitioner claims that the state court erred by denying his petition for resentencing pursuant to amended California Penal Code § 1170 and by failing to apply the changes brought about by § 1170 retroactively.  Petitioner is challenging the state court's application of state sentencing laws.

Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question.") Petitioner fails to state a cognizable federal habeas claim, and it should be dismissed. This is because the California state courts have, in applying the state law at issue here – Cal. Penal Code § 1170 -- determined Petitioner is not eligible for state law relief. Petitioner seeks to challenge the California state courts' interpretation and application of California state law, but this Court has no authority in habeas to address such a challenge.

   C. Grounds Two and Three – Failure to State a Cognizable Federal Claim

In Ground Two, Petitioner challenges a guilty finding in a disciplinary hearing held on October 19, 2019, wherein Petitioner was found guilty of delaying a peace officer in the performance of duties, and for which he was sanctioned with a loss of 90 days credits. (Doc. 1 at 68-69.) In Ground Three, Petitioner challenges a counseling chrono he received for obstructing the view of his cell by use of a privacy screen. (Doc. 1 at 98-100.) It does not appear that Petitioner was sanctioned, but only received a written warning. (Doc. 1 at 100.)

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*). "[The Supreme] Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (citing Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005)). Conversely, if a "prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus . . . ." Nettles, 830 F.3d at 931 (internal citation omitted) (citing Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011)).

With respect to prison disciplinary and administrative proceedings, it is established that a constitutional claim concerning the application of rules administered by a prison or penal

administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254.  See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings).  The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

It is also established in this circuit that where a successful challenge to a disciplinary hearing or administrative sanction will not necessarily shorten the overall length of confinement, then habeas jurisdiction is lacking.  In Nettles v. Grounds, the Ninth Circuit considered a petition challenging a prison disciplinary action by a prisoner serving a life sentence who had already passed his minimum eligible parole release date.  Nettles, 830 F.3d 922.  The Ninth Circuit noted that the parole board could deny parole regardless of whether the disciplinary violation was expunged.  Id. at 935.  The appellate court held that habeas corpus jurisdiction was absent, because "success on Nettles's claims would not necessarily lead to his immediate or earlier release from confinement," and thus his "claim does not fall within 'the core of habeas corpus.'"  Id. (quoting Skinner, 562 U.S. at 535 n. 13).

The same is true here.  Petitioner is an inmate serving a life sentence whose release on parole depends on the parole board's discretion.  Expungement of the disciplinary proceedings and reinstatement of the lost credits resulting from the disciplinary violation – i.e., a successful outcome in the instant action – would *not necessarily affect the length of his confinement*. See Nettles, 830 F.3d at 935 (noting that parole board "considered a range of relevant factors" to determine Nettles was unsuitable for parole, and it "gave no indication that Nettles's 2008 violation report was an important, let alone determinative, factor in his decision"); see also Sandin v. Conner, 515 U.S. 472, 487 (1995) (although disciplinary conviction may not help inmate seeking release on parole, it is only one of "myriad of considerations" relevant to parole decision and does not inevitably affect the length of the prisoner's sentence); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (successful challenge to prison disciplinary proceeding will not necessarily shorten length of confinement where parole board

4

could deny parole for other reasons).  As such, Petitioner's claims fall outside the core of habeas corpus and are not cognizable on federal habeas review.

## ORDER

IT IS HEREBY ORDERED that the Clerk of Court is **DIRECTED** to assign a District Judge to the case.

## RECOMMENDATION

The Court HEREBY RECOMMENDS that the petition be **SUMMARILY DISMISSED** with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court, and such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 23, 2024**          /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE